NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TATANISHA HOOD, | : | |
| | : | |
| Plaintiff, | : | Civil No. 14-5209 (JBS) |
| | : | |
| v. | : | |
| | : | |
| SUPERIOR COURT, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES:**

Tatanisha Hood, *Pro Se*
225388
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**SIMANDLE, Chief Judge**

Plaintiff, Tatanisha Hood, incarcerated at the Atlantic County Justice Facility, Mays Landing, New Jersey seeks to bring this action *in forma pauperis* ("IFP"). Based on her affidavit of indigence, the Court will grant Plaintiff's application to proceed IFP pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

The Court must now review the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), to determine whether it should be

dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's Complaint must be dismissed.

**BACKGROUND**

Plaintiff seeks to sue the Superior Court of Atlantic County, the Office of the Prosecutor of Atlantic County, Rochelle Rozier, a public defender, and Judge Donna Taylor, a state court judge. She asserts that her criminal case in Atlantic County has been mishandled, her court dates were postponed because of a quarantine at the jail, and that her right to bail has been unconstitutionally rejected because of action and inaction of her attorney, Defendant Rozier (Complt., ¶ 4).

Plaintiff asks for her criminal charges to be reversed, monetary relief, and, should this Court release her, that she be permitted to return to North Carolina, her state of residence (Complt., ¶ 5). Plaintiff asserts jurisdiction under 42 U.S.C. § 1983.

**DISCUSSION**

**1. Standards for a _Sua Sponte_ Dismissal**

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in

which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.   The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e) and § 1915A because Plaintiff is a prisoner and is proceeding as an indigent.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.   *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   "A claim has facial plausibility when the plaintiff

---

[1]   "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."   *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## 2.  Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

3.  <u>**Judicial Immunity**</u>

Plaintiff seeks to sue Judge Taylor, a New Jersey Superior Court Judge. However, "[i]t is a well-settled principle of law that judges are generally 'immune from a suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Furthermore, "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors." *Id.* at 359.

Judicial immunity also extends to suits brought under 42 U.S.C. § 1983. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967). "[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11-12. "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Id.*  In determining whether an act qualifies as a "judicial act," courts looks to "the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

Plaintiff alleges that the judge mishandled her criminal case, delayed her court hearings, and denied bail.  Based on these allegations, Judge Taylor has not taken action with regard to Plaintiff outside of her judicial capacity, nor did the Judge act without jurisdiction.  As such, the Complaint must be dismissed as to this defendant.

**4.   Claim against Public Defender**

In *Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, "does not act under color of state law when performing the traditional functions of counsel to a criminal defendant." *See also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor); *Angelico v. Lehigh Valley Hospital, Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) (private attorneys were not acting under color of state law when they issued subpoenas); *Calhoun v. Young*, 2008 WL 294438 (3d Cir. Aug. 1, 2008) (public defender representing criminal defendant is not acting under color of state law); *Thomas v. Howard*, 455 F.2d 228 (3d Cir. 1972) (court-appointed pool attorney does not act under color of state law).

Therefore, because it appears that Defendant Rozier, a public defender assigned to represent Plaintiff, was not acting under color of state law, the claims against her must be dismissed with prejudice.

**5.**   **Eleventh Amendment Immunity**

Plaintiff's claims against Defendants Superior Court of Atlantic County and the Atlantic County Prosecutor's Office must be dismissed, as these defendants are immune to suit.

The Eleventh Amendment to the United States Constitution provides:  "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

Eleventh Amendment immunity "protects both states and state agencies 'as long as the state is the real party in interest.'" *Woodyard v. Cnty. of Essex*, 514 F. App'x 177, 182 (3d Cir. 2013) (*per curiam*) (quoting *Fitchik v. N.J. Transit Rail Operations*, 873 F.2d 655, 659 (3d Cir. 1989) (*en banc*)). In determining whether immunity applies, a court examines: "(1) the source of the money that would pay for the judgment; (2) the status of the entity under state law; and (3) the entity's degree of autonomy." *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 1978 (3d Cir. 2008) (citing *Fitchik*, 873 F.2d at 659). The Court of Appeals for the Third Circuit recently revisited the relationship between Eleventh Amendment immunity and county prosecutor offices, and reaffirmed that District Courts should apply the *Fitchik* factors to determine whether or not

immunity applies. *See Estate of Frank P. Lagano v. Bergen County Prosecutor's Office*, ___ F.3d ___, 2014 WL 5155213, at *5-6 (3d Cir. Oct. 15, 2014) ("We therefore conclude that *Fitchik* provides the proper framework for analyzing Eleventh Amendment sovereign immunity as it applies to county prosecutors . . . .").

Utilizing the *Fitchik* factors and acknowledging prior case law holding that "'[w]hen [New Jersey] county prosecutors engage in classic law enforcement and investigative functions, they act as officers of the State," the Third Circuit has applied Eleventh Amendment immunity to county prosecutor offices when their actions "are clearly law enforcement functions." *Woodyard*, 514 F. App'x at 182 (citing *Fitchik,* 873 F.2d at 659; *Haybarger,* 551 F.3d at 198; and *Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996)). In this case, Plaintiff's complaints about the Prosecutor's Office concern the handling of her criminal case, the ultimate law enforcement function of the Prosecutor's Office.

As to Defendant Superior Court, it has been held that "the New Jersey Superior Court is an 'arm' of the state entitled to share in the state's sovereign immunity . . . [the] judicial branch is an integral part of the State of New Jersey. The fact that the New Jersey Superior Court is a trial court and not a court of last resort does not make it any less an integral part of the State." *Johnson v. State of New Jersey*, 869 F. Supp. 289, 296-97 (D.N.J. 1994)(cited in

*Palmer-Carri v. Maplewood Police Dep't*, 2013 WL 5574693, at *3 (D.N.J. Oct. 9, 2013)).

Further, this Court declines to construe these defendants as Atlantic County and the City of Atlantic City, entities which are subject to suit under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 688-90 (1978), because the Complaint does not sufficiently plead § 1983 claims against these entities. Specifically, neither the county nor the city can be found liable under § 1983 simply because they employ wrongdoers. *See id.* at 691-92; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694.

As this Complaint does not "identify a custom or policy," "specify what exactly that custom or policy was," *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009), or assert facts showing a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation," *Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir. 2007) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)), it does not plead a claim against Atlantic County or Atlantic City under the *Iqbal*

standard.

## CONCLUSION

For the reasons stated above, Plaintiff's Complaint must be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii) and § 1915A(b)(1) and (2), for seeking relief from immune defendants and for failure to state a claim upon which relief may be granted.  An appropriate Order follows.


**  s/ Jerome B. Simandle  **
JEROME B. SIMANDLE, Chief Judge
United States District Court


Dated: **November 5, 2014**